IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL HAYS, #644606,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:23-cv-00863 |
| | ) Judge Trauger |
| **CENTURION MEDICAL SERVICES, et al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Michael Hays, a state inmate confined at the Whiteville Correctional Facility (WCFA), filed a pro se Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and, after securing an extension of his deadline, an application for leave to proceed in forma pauperis (IFP). (Doc. No. 10.) He has also filed two motions to ascertain the status of his IFP application. (Doc. Nos. 11, 12.)

### I. APPLICATION TO PROCEED IFP

The motions to ascertain the status of the plaintiff's IFP application (Doc. Nos. 11, 12) are **GRANTED**. Under the Prison Litigation Reform Act (PLRA), a prisoner bringing a civil action may apply for permission to file suit without prepaying the required filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 10) is **GRANTED** and a $350 filing fee is **ASSESSED**. The fee will be collected in installments as described below.

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the

average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

The Complaint is now before the court for an initial review under the PLRA. In cases filed by prisoners, the court must review and dismiss the complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the court reviews for whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

The plaintiff filed this action under § 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. Accordingly, the Complaint must plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**B. Analysis**

The plaintiff sues Centurion Medical Services ("Centurion") and its employee, R.N.P. Rebecca Enington, for denying him a wheelchair while he was incarcerated at Bledsoe County Correctional Complex (BCCX) in east Tennessee. (Doc. No. 1 at 4–5.) The plaintiff alleges that he arrived at BCCX on June 7, 2023. (*Id.* at 4.) He alleges that he has a significant impairment to the discs in his lumbar spine, that he had previously undergone cauterization of the nerve endings in that region, and that he had used both a cane and a wheelchair outside of prison. (*Id.*) After arriving at BCCX on June 7, 2023, he was given a cane on July 11, but was denied a wheelchair on August 3. (*Id.*) The reason given by Defendant Enington (who appears to be a nurse practitioner)

3

for denying the request for a wheelchair was that the plaintiff would gain weight if he did not walk. (*Id.*) But the plaintiff claims that he needs a wheelchair to manage his pain, which is significantly worse because of the lack of a wheelchair and the inability of prison inmates to get strong pain medications. (*Id.*) He asks the court to "send [him] a wheelchair to Whiteville Corr[ectional Facility] and $500,000 for additional and unnecessary pain and suffering." (*Id.* at 7.)

As an initial matter, the court notes that venue in this district, though not improper, is also not convenient for the plaintiff, Defendant Enington, or any potential witnesses. Under 28 U.S.C. § 1391(b), venue may properly lie in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) if there is no other district in which the plaintiff may bring the action, a district where any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). Venue is proper if the case falls within one of these three categories, though the court in its discretion may still dismiss or transfer the case in the interest of justice and for the sake of convenience of parties and witnesses under 28 U.S.C. § 1404(a), "a codification of the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56, 60 (2013). Here, both defendants appear to be residents of the state of Tennessee, and Defendant Centurion is specifically alleged to reside in Nashville, within the Middle District. (Doc. No. 1 at 4–5.) But Nurse Enington's allegedly wrongful conduct was carried out at BCCX, in the Eastern District of Tennessee, where Centurion's misconduct is also alleged to have occurred when "their employee [Enington] denied [the plaintiff] a wheelchair." (*Id.* at 3, 5.) Meanwhile, the

4

plaintiff resides in the Western District of Tennessee,[1] and asks for relief to be provided there. Of the three judicial districts in Tennessee, the Middle District has the least substantial connection to this lawsuit. Nevertheless, because transfer of this matter to another district would be impractical at this point, the court will proceed with its initial review. That review reveals that the case is subject to dismissal, for two reasons.

First, the plaintiff's request for a wheelchair to be sent to him at WCFA is not properly asserted against Defendants Centurion and Enington, who provide professional medical services at BCCX and are not alleged to be affiliated in any way with WCFA. (*See id.* at 5.) Relatedly, the court notes the attenuation between the plaintiff's circumstances at the time of the defendants' alleged wrongdoing, and his circumstances upon (and after) the filing of the Complaint. The event that caused the plaintiff's alleged harm, Enington's denial of a wheelchair, occurred at BCCX on August 3, 2023, but the effects of that denial were not experienced there for long: the Complaint was signed, dated, and mailed less than two weeks later, after the plaintiff had already arrived at WCFA in west Tennessee. (*See id.* at 7–9.)

Second, the Complaint simply fails to plausibly claim that the plaintiff's constitutional rights were violated during his brief time at BCCX. Liberally construed, the Complaint asserts that the plaintiff's Eighth Amendment rights were violated when the defendants were deliberately indifferent to his serious medical needs. To support such a claim, the plaintiff must allege "both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). Mere "errors in medical judgment or other

---

[1] WCFA is in Whiteville, Hardeman County, Tennessee. *See* https://www.tn.gov/correction/state-prisons/state-prison-list/whiteville-correctional-facility.html (last visited Mar. 20, 2024). Hardeman County lies within the Western District of Tennessee. 28 U.S.C. § 123(c)(1).

negligent behavior" do not support an Eighth Amendment claim. *Id.* at 738 (citing *Estelle v. Gamble*, 429 U.S. 97, 107–08 (1976)). Moreover, when treatment is provided and the issue is the adequacy of that treatment, the court is deferential to the judgments of medical professionals. *Id.*; *see also Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

Here, the plaintiff alleges that Defendant Enington decided that a cane was appropriately prescribed but not a wheelchair, because of the prospect of weight gain if the plaintiff did not walk. (Doc. No. 1 at 5.) The plaintiff disagrees with Enington's decision based on the lower back pain that walking causes him. (*See id.* at 4.) The court finds that this disagreement with Enington's medical judgment, while it might perhaps support a claim of medical malpractice, does not support the claim that the plaintiff was deprived of his Eighth Amendment rights. *See Mitchell v. Khan*, No. 09-11467, 2014 WL 1652189, at *4 (E.D. Mich. Apr. 23, 2014) (finding that deliberate indifference claim is not viable where medical provider made "treatment decision[]" that wheelchair was "not required" and that plaintiff should "try to walk for exercise" and use a cane for support); *Callahan v. Poppell*, 471 F.3d 1155 (10th Cir. 2006) (holding that decision as to whether wheelchair is needed, or is contraindicated due to "fear[] [plaintiff's] leg muscles would atrophy," is a medical determination about "a particular course of treatment" that is deserving of deference despite plaintiff's disagreement). As to Centurion, the plaintiff's claim that the company is liable based on the conduct of its employee, Enington (*see* Doc. No. 1 at 5), is a claim to purely vicarious liability that cannot proceed under § 1983. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (finding that jail medical provider "cannot be held vicariously

6

liable for the actions of its agents . . . on a respondeat superior basis" under § 1983, but only based "on some [company] policy that caused a deprivation of [plaintiff's] Eighth Amendment rights"). Accordingly, the Complaint fails to state a claim and must be dismissed.

### III. CONCLUSION

For the above reasons, this action fails to state a claim upon which relief can be granted and is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal is without prejudice to the plaintiff's ability to file a new action in the appropriate venue challenging his current conditions of confinement, including his medical treatment, at WCFA.

The court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge